■ In the Matter of EUGENE R. TONNS, Respondent, v. THOMAS F. McCOY, as State Administrator of the Judicial Conference of the State of New York, Appellant.— Appeal from a judgment of the Supreme Court, Kings County, in a proceeding under CPLR article 78, which annulled appellant's evaluation of respondent as Court Clerk I and directed appellant to re-evaluate respondent to the position of Court Clerk II, retroactively to July 1, 1966. This appeal has been transferred from the Appellate Division, Second Department. Respondent asserts that his position of Clerk of Special Term Part VIII comes within the job specification for Court Clerk II, as set forth in the title structure for the Unified Court System. Respondent, of course, "is entitled to be reclassified upon the basis of the competitive status he earned by examination, *and the duties he lawfully performed* in such status prior to reclassification." (Emphasis added.) (*Matter of Aronson* v. *McCoy*, 33 A D 2d 183, 186, app. dsmd. 27 N Y 2d 613; *Matter of Ainsberg* v. *McCoy*, 26 N Y 2d 56; *Matter of Grilihas* v. *McCoy*, 35 A D 2d 1060.) The test is thus not what respondent was eligible to do but what he did within the title of his former classification as compared with the duties under the new classifications. This involves an analysis in some detail of the duties which the respondent performed and those to be performed in the title sought (see *Matter of Ainsberg* v. *McCoy, supra,* p. 61; *Matter of Grilihas* v. *McCoy, supra*; *Matter of Shapiro* v. *McCoy*, 35 A D 2d 1060). The instant record is clearly deficient in this respect. Not only is there no adequate disclosure of the specific duties of a Court Clerk II but only one point of comparison between the respondent's duties and those designated as being performed by one who is a Court Clerk II is even alluded to by Special Term. Accordingly, the judgment should be reversed and the matter remanded to Special Term for further development of the record and for a decision by Special Term based on that record as developed in accordance with this decision. Judgment reversed, on the law and the facts, and matter remanded to Supreme Court, Kings County, for further proceedings not inconsistent herewith, without costs. Reynolds, J. P., Staley, Jr., Greenblott, Sweeney and Simons, JJ., concur.